Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1904 | **DATE** | April 1, 2011 |
| **CASE TITLE** | U.S. ex rel. Herman Nitz (#N-08438) vs. Keith O. Anglin, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion to proceed *in forma pauperis* [#3] is granted. Respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date of this order. Petitioner's motion for appointment of counsel [#4] is denied as premature. On the court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a respondent.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Herman Nitz, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 conviction for theft on the grounds that: (1) prosecutors failed to disclose exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) trial and appellate counsel were ineffective; (3) the trial court imposed an excessive bail; and (4) the "double enhancement" of Petitioner's sentence was improper.

Petitioner having shown that he is indigent [he has a negative balance in his inmate trust account], his motion to proceed *in forma pauperis* is granted.

Petitioner maintains that he has exhausted state court remedies as to all claims raised in his habeas petition, and appears to have filed this action in a timely manner. Accordingly, Respondent is ordered to answer the petition or otherwise plead within twenty-one days of the date this order is entered on the clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present. The court notes that Petitioner filed a previous federal habeas petition, *see Nitz v. Cox*, Case No. 01 C 7699 (N.D. Ill.). However, the instant petition does not appear to violate rules concerning second or successive habeas petitions, as the prior habeas action related to a prior (1999) conviction Petitioner has already served.

**(CONTINUED)**

mjm

| **STATEMENT (continued)** |
|---|

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any Court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Petitioner.

Petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider Respondent's answer to the petition.

Finally, on the court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a respondent. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996), *cert. denied*, 520 U.S. 1171 (1997) (a state's attorney general is a proper party in a habeas petition only if Petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, Petitioner is not challenging a future sentence, but rather his present confinement. Therefore, Attorney General Madigan is not a proper respondent.