# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1904 | **DATE** | July 12, 2011 |
| **CASE TITLE** | U.S. ex rel. Herman Nitz (#N-08438) vs. Keith O. Anglin, et al. | | |

**DOCKET ENTRY TEXT:**

Respondent's motion to dismiss [10] is granted in part and denied in part without prejudice; Petitioner's motion to oppose that motion [14] is denied. Petitioner's request for leave to respond [18] is granted. His motion to voluntarily withdraw [15] is granted as follows: Petitioner is directed to advise the court within twenty-one days whether he wishes to: (a) drop his non-exhausted claims and proceed only on his claim that the sentence imposed violated the Eighth Amendment, or (b) have this case stayed pending complete exhaustion of state court remedies as to all claims raised in his federal habeas petition. If Petitioner should decide to abandon his non-exhausted claims and proceed with this case, he must submit an amended habeas petition (plus a judge's copy).

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Herman Nitz, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 theft conviction on the grounds that: (1) prosecutors failed to disclose exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) trial and appellate counsel were ineffective; (3) the trial court imposed an excessive bail amount; and (4) the "double enhancement" of Petitioner's sentence was improper. This matter is before the court on consideration of Respondent's motion to dismiss the petition for failure of Petitioner to exhaust state court remedies prior to seeking federal habeas review [10].

An inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). A federal court may not grant an application for a writ of habeas corpus from a prisoner being held in state custody unless he has exhausted his available state remedies prior to seeking federal habeas relief. *Gonzales v. Mize*, 565 F.3d 373, 380 (7th Cir. 2009) (citing 28 U.S.C. § 2254(b)(1)(A)). A habeas petitioner must fairly present each constitutional claim to the state courts through one complete round of state-court review. *Id.*, citing *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008).

In the case at bar, Petitioner specifically stated on his petition that "all grounds raised in this petition [had] been presented to the highest court having jurisdiction." (*See* Petition, p. 6., ¶ 2.) Petitioner now asserts that he was "confused" at the time he drafted the petition and admits that he did not present all claims to the highest
**(CONTINUED)**

| | mjm |
|---|---|

**STATEMENT (continued)**

court; he also concedes that he neglected to mention certain avenues of relief he had pursued in state court. Petitioner seeks either to be allowed to proceed on his *Brady* claim (which does not appear to have been exhausted) or to voluntarily withdraw his petition, without prejudice, while he completes the state exhaustion process. In its reply brief, the State, in turn, argues that Petitioner has procedurally defaulted on most of his federal claims because it is now too late to seek state review. A successive post-conviction petition was evidently dismissed at the trial court level but is currently on appeal.

Petitioner appears to have exhausted just one claim: that the court imposed a disproportionate sentence (twelve years) for the crime of theft from a house of worship. The exhaustion rule requires a district court to dismiss a "mixed petition" containing both exhausted and unexhausted claims, "leaving Petitioner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose*, 455 U.S. at 510; *see also Carroll v. Austin*, No. 07 C 2547, WL 4294737, *2 (N.D. Ill. Nov. 28, 2007). Petitioner is advised that if he should decide simply to drop any non-exhausted claims at this juncture, the abuse of the writ doctrine may bar a second or successive habeas petition raising those claims at a later date. *See* 28 U.S.C. § 2244; Rule 9 of the Rules Governing Section 2254 Cases. In other words, convicted persons generally have only one opportunity to challenge their conviction in federal court.

In sum, Petitioner is directed to inform the court within twenty-one days whether he wishes to: (1) drop all non-exhausted claims and proceed only on his excessive sentence claim (in that event, Petitioner should file an amended habeas petition on the court's form); or (2) seek a stay of this case pending exhaustion of state court remedies as to any claims not previously presented to the state courts.

As final concerns, Petitioner, a highly experienced litigator, is reminded of basic filing requirements: he must (a) provide the court with the original plus a complete judge's copy of every document filed, including any exhibits, and (b) include a certificate of service with every court filing showing that a copy was mailed to opposing counsel. Petitioner is additionally cautioned to be completely truthful and accurate in his court filings. Rule 11 of the Federal Rules of Civil Procedures provides for the imposition of sanctions for making false representations to the court.